## NEW YORK LIFE INS. CO. v. GUSTAFSON.
### No. 4632.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1931.

Rehearing Denied Feb. 19, 1932.

Don M. Larrabee, of Williamsport, Pa., and Guy B. Mayo, of Smethport, Pa., for appellant.

F. J. Woods and Mullin & Woods, all of Kane, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

On April 3, 1922, the New York Life Insurance Company by its policy insured the life of Evan E. Gustafson for $2,000, and for double indemnity on "due proof that the death of the insured resulted directly and independently of all other causes from bodily

injury effected solely through external, violent and accidental cause." On the death of the insured the company tendered the life benefit to his mother, the beneficiary, and contested the double indemnity benefit. Thereupon suit was brought by the mother. Trial by jury was waived, the facts were stated and agreed, and the following question submitted for the determination of the court: "Did the death of the said Evan E. Gustafson result, directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental cause, within sixty days after sustaining his injury, within the meaning of said policy?" After hearing, the trial judge held with the plaintiff; whereupon the insurance company took this appeal.

 After argument and due consideration had, we find no error in the judge's action.

When the policy was taken, the insured was a student. Later he became a professional boxer, taking part in boxing matches given to paying audiences. His death was caused, as stipulated: "On or about January 13, 1930, the said Evan E. Gustafson, while lawfully engaged in a boxing match of scheduled duration of four rounds * * * with an opponent of ordinary skill, health and vigor, received from his said opponent a violent blow on the chin causing his neck to break, which shortly and within a few hours thereafter caused the death of the said Evan E. Gustafson." The stipulated case further is that Gustafson "was in perfect health, enjoyed exceptional strength and bodily vigor, and was in a trained and fit physical condition to engage successfully as a boxer in a boxing match." That his death resulted, in the words of the policy, "from bodily injury," and that, in the further words of the policy, such injury was effected "solely through external, violent * * * cause," is equally clear. Therefore the crucial question is: Was "such bodily injury * * * effected through accidental cause"?

We are thus called upon to construe a provision of the policy which is ambiguous, but an ambiguity which the insurance company chose to put in its contract. Under such circumstances, the law gives the other party the benefit of the more favorable construction. Moreover, the deceased was engaged in a lawful employment. While the insurance company by its policy provided for certain prohibitive risks, it did not forbid boxing, and therefore it must be deemed to have had in view that there were many sports from which death might very occasionally and quite accidentally result. In that regard the trial judge said, and we agree therewith: "Therefore, we conclude that the insurance company having definitely determined those acts and occupations which are not covered by the policy, accidental death resulting from an injury received in the course of all other activities and occupations, must come under the risks assumed by the Company. Boxing we would class with football, basketball, baseball, horseback riding, and the like, all of which are attendant with some risks of external injury which may result in death. Just because a man engaged in any one of these exercises or sports, it cannot be said that any injuries which he received in the course of any of these games or exercises were not accidental. Death in a boxing bout as well as in a football game is unusual and unexpected. No man has ordinarily any cause or reasonable ground to anticipate that when he engages in any of these games, death will result. If it does, it may truly be said to be both unexpected and not intended by any party to the game, and therefore accidental."

That the man's death resulted from a boxing blow is a fact; that a man enters such a contest knowing that his opponent will inflict the hardest blows possible, that death occasionally comes in a boxing match, all are facts. But that such facts make death in such a match nonaccidental by no means follows, any more than every death in sports —wrestling, fencing, baseball, football—is nonaccidental because of the fact that it occasionally happens. Accidental has in it the element of improbable, unusual, by chance. In the present case, while there was the remote possibility of death, there was no probability, and reflection will show that the reason death came in this particular case was because a large number of independent, unconnected factors chanced to combine and co-operate to make this blow break the neck of the deceased. To refer to but a few: The deceased possibly had his chin raised so that his opponent's blow had an increased range and effect of leverage. The position of his opponent might have been at such a lower level that his upward stroke was delivered with telling effect. The particular position of the deceased's chin, and the angle from which his opponent's blow came, might have been such as to make the blow a neck-breaking one, when a slight departure from those angles would have had no such effect.

We avoid the temptation to discuss the many cases bearing on accidental cause, and,

restricting ourselves to the facts before us, we reach the conclusion that the court below was not in error in holding that the deceased's death "resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause."